
WESTERN DISTRICT OF LOUISIANA
DISTRICT COURT OF LOUISIANA
RECEIVED - ALEXANDRIA
NOV 1 0 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

PETER ROY ALFRED, JR.              DOCKET NO. 08-CV-0643; SEC. P
LA. DOC. #315023

VERSUS                             JUDGE DEE D. DRELL

CORRECTIONS CORPORATION            MAGISTRATE JUDGE KIRK
OF AMERICA, ET AL.

### REPORT AND RECOMMENDATION
### TO DISMISS CERTAIN DEFENDANTS

Pro se Plaintiff, Peter Roy Alfred, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 7, 2008. Plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), is incarcerated at the Winn Corrections Center ("WCC"), Winnfield, Louisiana. He complains that he is exposed to environmental tobacco smoke ("ETS") because prison officials refuse to enforce non-smoking policies. He seeks compensatory damages of $100 million, an unspecified amount of punitive damages, and an injunction directing the defendants to enforce all non-smoking policies. He has sued Corrections Corporation of America ("CCA"), WCC, Warden Tim Wilkinson, Warden Angie Martin and Warden Tim Morgan, along with employees Sara McCoy, Mona Heyse, C. Wiley, Virgil Lucas, Tommy Glover, and Connie Green.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

U.S.C. §636 and the standing orders of the Court.

## Statement of the Case

Plaintiff is an inmate in the custody of the LDOC. He arrived at WCC on July 16, 2007. He suffers from bronchial asthma and sleep apnea. In September 2007, after complaining to the medical department and the WCC administration, he was moved from the smoking tier (Elm-A1) to the non-smoking tier (Ash-D1). However, Plaintiff remains exposed to environmental tobacco smoke in the non-smoking tier because the defendants do not enforce the non-smoking policy there.

According to Plaintiff, the WCC Canteen Manager, Connie Green, allows the sale of tobacco products to inmates confined to the non-smoking tier. In December 2007, Plaintiff observed Unit Manager C. Wiley light a cigarette for an inmate confined to the non-smoking tier.

The defendants fail to screen inmates before assigning living quarters. Defendants fail to monitor the non-smoking tier to see if inmates are smoking or hiding tobacco products in their property.

The defendants failed to heed Plaintiff's complaints about tobacco sales to inmates and tobacco use by inmates confined to the non-smoking tier.

The defendants failed to "shake-down" the non-smoking tier to search for tobacco and failed to maintain surveillance on the tier.

2

Defendants have not installed sensitive smoke detectors to deter smoking on the non-smoking tier.

Plaintiff claims that he has requested medical treatment for chest pain, shortness of breath, migraine headaches, dizziness, and coughing up blood and other health issues associated with exposure to environmental tobacco smoke.

The defendants, including Mona Heyse, have failed to answer Plaintiff's Administrative Remedies Procedure Grievance submitted on October 31, 2007.

In an amended complaint filed on May 27, 2008, Plaintiff named Canteen Manager Connie Green as a defendant and alleged that she sells tobacco products to inmates confined on the non-smoking tier. [Doc. #4]

## Law and Analysis

Plaintiff was ordered to amend his pleadings to provide specific complaints as to each defendant, stating the date or dates that each defendant is alleged to have violated his rights. Plaintiff complained that Mona Heyse, the Warden's designee, failed to answer Plaintiff's Administrative Remedies Procedure Grievance submitted on October 31, 2007 in an effort to prevent Plaintiff from accessing the Courts.

Inmates do not have a constitutionally protected right to a grievance procedure. See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring)

(applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated). Moreover, an inmate has no constitutional right to have his grievances or complaints addressed, investigated, or favorably resolved. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Thus, Plaintiff's claims against Mona Heyse should be dismissed.

Plaintiff seeks to hold Corrections Corporation of America liable under §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights.[1] Plaintiff's compliant is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCE should be dismissed as frivolous.

Next, Plaintiff has named WCC as one of his defendants. Fed.

---

[1] Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir.2003), the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees. The court said: "We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury." *Id*. In reaching its holding, the court concluded that, "[c]learly, confinement of wrongdoers-though sometimes delegated to private entities-is a fundamentally governmental function." *Id*. The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability. See Phillips v. Corrections Corp. of America, No. 02-766, 2006 WL 1308142 at *3 (W.D.La. May 10, 2006); see also Monell v. Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978).

4

R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the WCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WCC is not a corporation and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise. WCC should be dismissed as a defendant.

<h3 align="center">Conclusion</h3>

For the forgoing reasons, **IT IS RECOMMENDED** that the claims against **Mona Heyse, Corrections Corporation of America, and Winn Correctional Center** be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B). The remaining defendants will be served in accordance with the Memorandum Order to be filed in this matter.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _10th_ day of _November_ , 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE